UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mollie I. G. S., | Case No. 23-cv-694 (TNL) |
| Plaintiff, | |
| v. | ORDER |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Mollie I. G. S. filed a civil complaint requesting judicial review of the Social Security Administration's final decision denying her Social Security Disability and Supplemental Security Income Benefits. (ECF No. 1). Plaintiff did not pay the filing fee for this action, but instead filed an application to proceed *in forma pauperis* ("IFP"). *See* (ECF No. 2). That IFP application is now before the Court and must be considered before any other action may be taken in this matter. *See* 28 U.S.C. § 1915.

Plaintiff's IFP application shows that she and her husband live together with their minor child. *See* (ECF No. 2). Although the IFP application shows that Plaintiff has no income, no assets, no expenses and has not been employed since December 2016, the IFP application also reflects that her husband's gross monthly income is $5,300 and this income covers the household's monthly expenses of $2,985. (*Id.*) There is no indication that she and her husband are divorced or operate separate households; indeed, Plaintiff reports that her "husband currently works and takes care of all the bills as well as [their] minor child." [IFP Appl. at 5 (ECF No. 2)].

1

"The central question in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.,* No. 15-CV-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)), *report and recommendation adopted*, 2015 WL 5778478 (D. Minn. Oct. 1, 2014). Here, the Court recognizes that Plaintiff reports that she is disabled and unable to work. However, the Court cannot ignore that it appears she and her husband share a household and that her husband's income more than covers the family's living expenses. *See Helland v. St. Mary's Duluth Clinic Health System*, Case No. 10-CV-31 (RHK/RLE), 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010) ("Federal Courts . . . have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse or other family members.") (citing cases). Thus, the combined household income of Plaintiff and her husband cannot be described as negligible or merely nominal.

Accordingly, based on the information provided in Plaintiff's IFP application, the Court cannot conclude that she does not have the resources to pay the statutory filing fee of $402.00 and is truly indigent. Plaintiff's IFP application is therefore denied.

Plaintiff is afforded an opportunity to pay the statutory filing fee of $402.00, and if she chooses to do so, she will be allowed to pursue her claims as a non-IFP litigant. If Plaintiff pays the $402 filing fee within 20 days after the date of this order, the action will be allowed to proceed. If Plaintiff fails to pay the full amount of the filing fee within the

time allowed, she will be deemed to have abandoned this action, and this action will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Mollie I. G. S.'s application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

2. Plaintiff must pay the full filing fee of $402 within 20 days after the date of this order, failing which it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).


Dated: March  30 , 2023                        *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　District of Minnesota


　　　　　　　　　　　　　　　　　　　　　　*Mollie I. G. S. v. Commissioner of Social Security*
　　　　　　　　　　　　　　　　　　　　　　Case No. 23-cv-694 (TNL)

3